** PART II
** CONFLICT **
WHEN THERE IS AN ACTUAL CONFLICT, STATE LAW IS PREEMPTED BY FEDERAL LAW. ENGLISH V. GENERAL ELECTRIC CO., 496 U.S. 72,110 S.CT. 2270, 110 L.ED.2D 65 (1990). THIS IS SO EVEN WHEN IT IS NOT CLEAR THAT CONGRESS INTENDED TO PREEMPT THE FIELD. MALONE V. WHITE MOTOR CORP., 435 U.S. 497, 98 S.CT. 1185, 55 L.ED.2D 443 (1978). PREEMPTION, HOWEVER, IS NOT TO BE LIGHTLY PRESUMED. CALIFORNIA FEDERAL SAVINGS AND LOAN ASSOCIATION V. GUERRA, 479 U.S. 272, 107 S.CT. 683, 93 L.ED.2D 613 (1987).
HERE THERE DOES NOT APPEAR TO BE A CONFLICT. CERTAINLY, OKLAHOMA'S ADVERTISING BAN IS STRICTER THAN THE FEDERAL ANTI-LOTTERY ADVERTISING STATUTE, BUT IT IS NOT INCONSISTENT WITH THE FEDERAL ENACTMENT. THE FEDERAL LAW DISCUSSED HERE EXHIBITS AN UNDERLYING DESIRE TO PROTECT PEOPLE FROM INDUCEMENT TO GAMBLE. ABSOLUTE PROHIBITION OF ADVERTISING INDUCEMENTS REMAINS FOR ALL BUT A FEW PREFERRED GAMING OPERATIONS. BY THE FEDERAL STATUTE'S OWN TERMS, A STATE CAN CUT OFF THE ADVERTISING ALLOWANCE BY OUTLAWING THE PREFERRED GAMING WITHIN ITS BOUNDARIES. WITH THE STATE RETAINING SUCH POWER, IT IS INCONSISTENT TO BELIEVE OKLAHOMA CANNOT TAKE THE LESSER STEP OF PROHIBITING GAMING ADVERTISING WITHOUT BANNING THE GAME ITSELF.
STATES AND THE FEDERAL GOVERNMENT ARE DIFFERENT SOVEREIGNS, AND EACH HAS THE INHERENT POWER TO INDEPENDENTLY DEFINE AND PUNISH CRIME. CHAPMAN V. U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, 821 F.2D 523 (10TH CIR. 1987). TYPICALLY, THE COURTS DO NOT FIND CONFLICT BETWEEN STATE AND FEDERAL PENAL STATUTES, SUCH AS THE LAWS IN QUESTION HERE. DOUBLE-JEOPARDY DECISIONS ARE PARTICULARLY INSTRUCTIVE IN THIS AREA. A CRIMINAL DEFENDANT'S STATE-COURT CONVICTION DOES NOT PRECLUDE HIS FEDERAL CONVICTION FOR A SIMILAR OFFENSE BASED ON THE SAME FACTS. U.S. V. GOURLEV, 835 F.2D 249 (10TH CIR. 1987), CERT. DENIED, 486 U.S. 1010, 108 S.CT. 1741, 100 L.ED.2D 204 (1988). TRIAL AT BOTH LEVELS OF GOVERNMENT FOR PRECISELY THE SAME CRIMINAL ACT IS NOT PROHIBITED THOUGH THE PUNISHMENTS ARE DIFFERENT. U.S. V. WOODWARD, 927 F.2D 433 (8TH CIR. 1991), CERT. DENIED, _ U.S. _, 112 S.CT. 246, 116 L.ED.2D 201
EQUAL PROTECTION
THE EQUAL PROTECTION CLAUSE PROHIBITS STATES FROM TREATING SIMILARLY SITUATED PERSONS DIFFERENTLY. PLYLER V. DOE.457 U.S. 202, 102 S.CT. 2382, 72 L.ED.2D 786 (1982). THE EQUAL PROTECTION CLAUSE GOES NO FURTHER THAN TO PROHIBIT INVIDIOUS DISCRIMINATION. WILLIAMSON V. LEE OPTICAL OF OKLAHOMA, INC., 348 U.S. 483, 75 S.CT. 461, 99 L.ED. 563 (1955). ABSENT A SCRUTINY-HEIGHTENING FACTOR, SUCH AS RACE OR GENDER, THE RULE ON REVIEW FOR EQUAL PROTECTION IS THAT LEGISLATION WILL BE PRESUMED VALID IF THE CLASSIFICATION DRAWN BY THE STATUTE IS RATIONALLY RELATED TO A LEGITIMATE STATE INTEREST. SCHWEIKER V. WILSON, 450 U.S. 221,101 S.CT. 1074, 67 L.ED.2D 186 (1981). SOCIAL LEGISLATION WILL BE GIVEN ESPECIALLY WIDE LATITUDE. U.S. RAILROAD RETIREMENT BOARD V. FRITZ, 449 U.S. 166, 101 S.CT. 453, 66 L.ED.2D 171 (1980).
OKLAHOMA'S BAN ON LOTTERY ADVERTISING IS DESIGNED TO PROTECT THE WELFARE OF ITS CITIZENS AGAINST PROBLEMS ASSOCIATED WITH GAMBLING ABUSE: DEPLETION OF CASH REQUIRED FOR RENT, FOOD, MEDICAL CARE AND OTHER NECESSITIES; FAILURE TO APPEAR FOR WORK, AND DISRUPTION OF DOMESTIC RELATIONS — AMONG OTHERS.
OBVIOUSLY, BY ALLOWING SOME FORMS OF GAMBLING, THE STATE LIMITS ITS ATTEMPT TO PROTECT ITS CITIZENS IN THIS AREA; HOWEVER, OKLAHOMA'S LAW NEED NOT BE CONSISTENT IN EVERY RESPECT. WILLIAMSON, 348 U.S. AT 487-8, 99 L.ED. AT 572. IT IS NOT NECESSARILY ILLOGICAL TO ALLOW AN ACTIVITY BUT, AT THE SAME TIME, TO FORBID ARTIFICIAL INDUCEMENT TO ENGAGE IN THAT ACTIVITY. FOR EXAMPLE, THE FEDERAL STATUTE PROHIBITS MOST LOTTERY ADVERTISING BUT DOES NOT PROHIBIT LOTTERIES.
IN 1986, A FEDERAL COURT STRUCK DOWN OKLAHOMA'S BAN ON LIQUOR ADVERTISING AS A VIOLATION OF THE EQUAL PROTECTION CLAUSE BECAUSE SOME MEDIA, SUCH AS IN-STATE RADIO AND TELEVISION, WERE PROHIBITED FROM AIRING OR PUBLISHING ALCOHOL ADVERTISEMENTS WHILE OTHERS WERE NOT. OKLAHOMA BROADCASTERS ASSOCIATION V. CRISP, 636 F. SUPP. 978 (W.D. OKLA. 1986). TODAY, CABLE-TELEVISION OPERATORS ARE NOT PROHIBITED FROM RUNNING LOTTERY COMMERCIALS BECAUSE OF THE FEDERAL COMMUNICATION COMMISSION'S PREEMPTION OF CABLE-TELEVISION REGULATION AS MENTIONED AT PAGE 5; HOWEVER, THIS ONE EXEMPTION FROM THE PROHIBITION IS NOT SUFFICIENT TO INVALIDATE OKLAHOMA'S STATUTE.
"A LEGISLATURE MAY ELECT NOT TO APPLY ITS REMEDY AGAINST ALL GROUPS AND ALL PROBLEMS IN THE FIELD. WILLIAMSON, 348 U.S. AT 489, 99 L.ED. AT 573. THE INFIRMITY IN THE CONSTITUTIONAL AND STATUTORY PROVISIONS REVIEWED IN OKLAHOMA BROADCASTERS ASSOCIATION WAS THAT FAR MORE GROUPS AND FAR MORE "PROBLEMS" WERE IGNORED THAN WERE COVERED BY THE BAN AS ADMINISTERED. THE COURT FOUND OKLAHOMA WAS INUNDATED WITH LIQUOR ADVERTISING; THEREFORE, PROHIBITING AN EXTREMELY LIMITED CLASS OF MEDIA FROM PUBLISHING AN EXTREMELY LIMITED CLASS OF COMMERCIAL MESSAGES WAS NOT RATIONAL. OKLAHOMA BROADCASTERS ASSOCIATION, 636 F. SUPP. AT 991-2.
THAT CASE CONTAINED AN EXTENSIVE LIST OF FACTS NOT PRESENT HERE. THE COURT FOUND OKLAHOMA OFFICIALLY PERMITTED (1) CITIZENS TO BUY AND CONSUME THE FULL MENU OF ALCOHOLIC BEVERAGES, (2) RADIO AND TELEVISION STATIONS FROM SURROUNDING STATES TO BROADCAST LIQUOR COMMERCIALS TO OKLAHOMA, (3) NEWSPAPER AND MAGAZINE ADVERTISEMENTS FOR ALCOHOLIC BEVERAGES TO BE DISTRIBUTED IN THE STATE, (4) PRINT ADVERTISING FOR LIQUOR TO BE PRODUCED IN OKLAHOMA, (5) CABLE TELEVISION TO CARRY ALCOHOLIC-BEVERAGE COMMERCIALS IN THE STATE, (6) TELEPHONE DIRECTORIES TO PUBLISH LIQUOR ADVERTISEMENTS, (7) PRODUCT PACKAGING TO CONTAIN LIQUOR ADVERTISING AND (8) DISTRIBUTORS TO PLASTER THEIR TRUCKS WITH LIQUOR ADVERTISING. OKLAHOMA BROADCASTERS ASSOCIATION, 636 F. SUPP. AT 984 AND 991.
THE FULL MENU OF GAMBLING, HOWEVER, IS NOT PERMITTED IN OKLAHOMA. ONLY THREE LOTTERIES ARE ALLOWED: BINGO (3A O.S. 401 ET SEQ.), LIMITED RAFFLES (21 O.S. 1051) AND PARIMUTUEL WAGERING ON HORSE RACES (3A O.S. 200 ET SEQ.). CABLE TELEVISION, BY VIRTUE OF EXPRESS FEDERAL PREEMPTION, IS THE ONLY MEDIUM OFFICIALLY EXEMPTED FROM THE STATE LOTTERY-ADVERTISING BAN. ON ITS FACE, THEN, THE STATE'S GAMBLING-ADVERTISEMENT BAN IS UNLIKE THE FORMER LIQUOR-ADVERTISING PROHIBITION, AND THE GAMBLING ADVERTISEMENT BAN WITHSTANDS CONSTITUTIONAL MUSTER. WHETHER OTHER MEDIA ADVERTISE GAMBLING IN OKLAHOMA WITHOUT OFFICIAL IMPRIMATUR TO AN EXTENT THAT DEMONSTRATES THE LAW IS UNEQUALLY ADMINISTERED IS A FACT QUESTION THAT CANNOT BE ANSWERED BY AN ATTORNEY GENERAL OPINION. LIKEWISE, WHETHER GAMBLING ADVERTISING ON CABLE TELEVISION IS SO PERVASIVE AS TO RENDER THE STATE'S BAN IRRATIONAL, IS ALSO A FACT QUESTION THAT CANNOT BE ANSWERED IN AN ATTORNEY GENERAL OPINION.
CONCLUSION
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT OKLAHOMA RADIO STATIONS MAY NOT BROADCAST ADVERTISEMENTS FOR BINGO GAMES OPERATED BY INDIAN TRIBES, INDIVIDUAL INDIANS OR NON-INDIANS, WHETHER OR NOT THOSE GAMES ARE OPERATED PURSUANT TO LAW.
(ANDREW TEVINGTON)